1

2

3                         UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                        * * *

6   RICHARD GRANADOS,                           Case No. 3:20-cv-00427-MMD-WGC

7                            Petitioner,                      ORDER

8         v.

9   RENEE BAKER, WARDEN, *et al.*,

10                           Respondents.

11         Petitioner Richard Granados, a Nevada state prisoner, has submitted a petition for

12  writ of *habeas corpus* (ECF No. 1 (the "petition")) under 28 U.S.C. § 2254. This matter is

13  before the Court for initial review under the rules governing § 2254 cases.[1]

14         Pursuant to Habeas Rule 4, the assigned judge must examine the petition and

15  order a response, unless it "plainly appears" that Petitioner is not entitled to relief. *Valdez*

16  *v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). Petitioner alleges 10 grounds for relief

17  under the United States Constitution. Having conducted an initial review, the Court directs

18  service of the petition and a response.

19         The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as

20  counsel for Respondents, and electronically serve Attorney General Ford with a copy of

21  the petition and this order.

22         It is therefore ordered that Respondents will have 60 days from the date the petition

23  is electronically served, to appear in this action, and answer or otherwise respond, to the

24  petition.

25         It is further ordered that Petitioner will have 30 days following service of

26  Respondents' answer, to file and serve a reply brief. If any motion is filed, the parties will

27

28         [1]All references to "Habeas Rule" or the "Habeas Rules" in this order identify the
    rules governing § 2254 cases in the United States District Courts.

1  brief the motion in accordance with Rules 7-2 and 7-3 of the Local Rules of Practice.

2        It is further ordered that any procedural defenses Respondents raise in this case,

3  must be raised together in a single consolidated motion to dismiss. Procedural defenses

4  omitted from such motion to dismiss will be subject to potential waiver. Respondents will

5  not file a response in this case that consolidates their procedural defenses, if any, with

6  their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted

7  claims clearly lacking merit. Should Respondents seek dismissal of unexhausted claims

8  under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer,

9  and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set

10  forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural

11  defenses, including exhaustion, will be included with the merits of an answer. All

12  procedural defenses, including exhaustion, instead must be raised by a motion to dismiss.

13        It is further ordered that, any answer filed on the merits, Respondents must

14  specifically cite to, and address, the applicable state court decision and record materials,

15  if any, regarding each claim within the response as to that claim.

16        It is further ordered that Respondents must file the state court exhibits relevant to

17  their response to the petition, in chronological order.

18        It is further ordered that all state court records and related exhibits must be filed in

19  accordance with LR IA 10-3 and LR IC 2-2, and include a separate index identifying each

20  additional exhibit by number or letter. The index must be filed in CM/ECF's document

21  upload screen as the base document to receive the base docket number (*e.g.*, ECF

22  No. 10). Each exhibit will then be filed as "attachments" to the base document—the

23  index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1),

24  Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits span

25  more than one filing, the base document in each successive filing must be either a copy

26  of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

27  ///

28  ///

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibit *need not* be provided unless later directed by the Court.

DATED THIS 10th Day of September 2020.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE