UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RICHARD GRANADOS, | Case No. 3:20-cv-00427-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

## I.   SUMMARY

This habeas matter is before the Court on Respondents' motion to dismiss (ECF No. 7 ("Motion")).[1] For the reasons discussed below, Respondents' Motion is granted in part and denied in part.

## II.   BACKGROUND[2]

Petitioner Richard Granados challenges a 2016 conviction and sentence imposed by the Eighth Judicial District Court for Clark County in this habeas action. *See Nevada v. Richard Granados*, Case No. C261725-2. A jury found Granados guilty of one count of conspiracy to commit murder, two counts of first-degree murder with use of a deadly weapon, and one count of attempt murder with use of a deadly weapon. (Ex. 57.) The state district court entered a judgment of conviction on April 18, 2016, and sentenced Granados to a concurrent term of four to 10 years for the conspiracy to commit murder count; life with the possibility of parole after a term of 20 years plus a consecutive term of two to 20 years for the use of a deadly weapon for each first-degree murder count to run

---

[1]Petitioner responded (ECF No. 13) and Respondents replied (ECF No. 16).

[2]This procedural history is derived from the exhibits located at ECF Nos. 1, 8, 9, and 10 on the Court's docket. The Court will cite to the exhibit as "Ex." followed by the appropriate exhibit number.

consecutively; and a term of four to 10 years for the attempt murder count to run consecutively with the first-degree murder counts. (*Id.* at 4.)

Granados appealed and the Nevada Supreme Court affirmed the conviction on direct appeal. (Ex. 64.) Granados then sought post-conviction relief in a state petition for writ of habeas corpus, which the state court denied. The Nevada Supreme Court subsequently affirmed the denial of relief. (Ex. 78.) On July 17, 2020, Granados initiated this federal habeas proceeding. (ECF No. 2.) He filed a counseled petition for writ of habeas corpus (ECF No. 2) alleging 10 grounds for relief. Respondents moved to dismiss Grounds 2, 3, 4, 6(D), 7, and 8(A)(2)[3] as unexhausted and Grounds 2 and 3 as non-cognizable. (ECF No. 7.)

**III.   DISCUSSION**

    **A.   Cognizability**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *See McGuire*, 502 U.S. at 68.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *See Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). *See also Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due

---

[3]Respondents, however, withdrew their assertion that Granados failed to exhaust Grounds 7 and 8(A)(2) after reviewing Granados's opposition. (ECF No. 16 at 4.)

process claims."); *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1178 (C.D. Cal. 2014) (same). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *See Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004). A petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (holding that federal habeas courts lack jurisdiction "to review state court applications of state procedural rules")

### 1. Ground 2

In Ground 2, Granados alleges that the Nevada Supreme Court erred in affirming the state district court's failure to grant Granados's motion for new trial. (ECF No. 2 at 14.) Respondents argue that Ground 2 should be dismissed as non-cognizable in federal habeas because it is an issue of state law and Granados failed to identify a federal right that was violated. (ECF No. 7 at 10.) Granados argues that he cited to federal authority concerning the state district court's abuse of discretion. (ECF No. 13 at 2.)

The Court finds that Ground 2 is not cognizable in federal habeas because it presents a purely state law claim. Although Granados cites to *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990), in his petition, Granados did so in reference to the abuse of discretion standard used by appellate courts in reviewing a district court's findings. (*See* ECF No. 2 at 14-16.) Granados, however, has not identified a violation arising under federal law. Accordingly, Ground 2 fails to state a cognizable claim for federal habeas relief.

### 2. Ground 3

In Ground 3, Granados alleges that the Nevada Supreme Court misapplied clearly established federal law in failing to grant relief when the state district court erroneously instructed the jury on lying in wait. (ECF No. 2 at 16.) Respondents argue that Ground 3 should be dismissed as non-cognizable in federal habeas because Granados did not identify a federal basis for his claim. (ECF No. 7 at 10.) Granados argues that Ground 3 is

premised on the insufficient nature of the evidence and the state district court's abuse of discretion, which are concepts of federal nature. (ECF No. 13 at 3.)

Granados's claim presents no federal question because it involves the application or interpretation of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court of the United States has "long recognized that a mere error of state law is not a denial of due process" and the same rule applies to the deprivation of a state-created liberty interest). Granados cites to a federal case to support Ground 3 but doing so does not convert the claim to a cognizable federal claim.[4] The core of Granados's claim is a review of state court rulings on state law and Granados failed to identify a violation arising under federal law. Accordingly, Ground 3 fails to state a cognizable claim for federal habeas relief.

**B.     Exhaustion**

A state inmate first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his [or her] federal claims when he [or she] has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

A petitioner must present the substance of his or her claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). The state

---

[4]*See Brecht v. Abrahamson*, 507 U.S. 619 (1993) (determining whether habeas relief must be granted for prosecution's use for impeachment purposes of petitioner's post-*Miranda* silence, the standard is whether error had substantial and injurious effect or influence in determining jury's verdict, rather than whether error was harmless beyond reasonable doubt.)

courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). *See also Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his [or her] claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.").

A petitioner may reformulate his or her claims so long as the substance of his or her argument remains the same. *See Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (internal citations and quotation marks omitted) ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support . . . . We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.")

### 1.     Grounds 2 and 3

In regard to Grounds 2 and 3, Respondents contend that Granados presented only state law claims on the state direct appeal without presenting any claims of a federal constitutional violation. (ECF No. 7 at 8-9.) A petitioner's mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim. *See Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005) (holding that exhaustion demands more than a citation to a general constitutional provision, detached from any articulation of the underlying federal legal theory). Nor is a federal claim exhausted by a petitioner's mention, in passing, of a broad constitutional concept, such as due process. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (emphasis added) (holding that "general appeals to broad constitutional principles, such as *due process*, equal protection, and the right to a fair trial, are insufficient to establish exhaustion").

Here, the claims presented on direct appeal do not implicate federal constitutional law and do not refer to the United States Constitution in any respect. (Ex. I, ECF No. 1-9

at 12-14.) Granados relies on *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), in arguing that the "concept of insufficiency of the evidence has sound support in federal law." (ECF No. 13 at 2.) However, Granados did not cite to *Jackson* or any federal case in his direct appeal briefing regarding Grounds 2 and 3 to the Nevada Supreme Court. In addition, merely because a federal criminal case discusses a standard does not signify that the federal criminal case is applying federal constitutional law. The discussion of a "federal standard" is not inherently a discussion of a federal *constitutional* standard. Granados did not present federal constitutional claims to the state courts. Grounds 2 and 3, therefore, are not exhausted.

### 2.   Ground 4

In Ground 4, Granados alleges that his counsel rendered ineffective assistance when counsel incorrectly instructed the jury that Granados had the burden to prove self-defense at trial. (ECF No. 2 at 19.) Respondents argue that Ground 4 is unexhausted because Granados adds new allegations that render the claim fundamentally altered from the claim presented before the Nevada Supreme Court. (ECF No. 7 at 6-7.) Specifically, Respondents argue that Granados added the allegation that no reasonable juror would have convicted Granados if counsel had not shifted the burden of proving self-defense and the allegation that evidence at trial was not overwhelming. (*Id.*) Granados argues that he did not present a fundamentally new argument, but merely incorporated an analysis as to why the Nevada Supreme Court's decision was incorrect. (ECF No. 13 at 5.)

"A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (internal quotation marks omitted) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Beaty v. Stewart*, 303 F.3d 975, 989-90 (9th Cir. 2002); *Aiken v. Spalding*, 841 F.2d 881, 883, 883 (9th Cir. 1988)). The Court finds that the added allegations do not fundamentally alter Granados's claim. The Court has reviewed the record and concludes that Granados

fairly presented the allegations regarding his claim in Ground 4 when he alleged that "this instance of ineffective assistance of counsel prejudiced Mr. Granados and severely undermined his defense." (Ex. J, ECF No. 1-10 at 23.) Ground 4 of his federal petition does not introduce any other federal grounds for relief and does not fundamentally alter or substantially improve the evidentiary posture of the claim presented before the Nevada appellate court. Accordingly, the Court finds that Ground 4 is exhausted.

### 3.   Ground 6(D)

In Ground 6(D), Granados alleges that his counsel rendered ineffective assistance because his counsel failed to conduct an adequate investigation as to prior acts of violence of the victims and potential testimony, which had a prejudicial effect on the trial. (ECF No. 2 at 34.) Respondents argue that Ground 6(D) is unexhausted because Granados adds new facts and allegations that render the claim fundamentally different. (ECF No. 7 at 8.) Respondents argue that Granados added the arguments that potential testimony to corroborate Granados's testimony was not cumulative, trial counsel's decision not to investigate was tactically unreasonable, and that J.G.'s testimony was prejudicial.[5] (*Id.*)

The Court determines that Ground 6(D) is partially exhausted. The Court finds the argument that trial counsel's decision not to investigate was tactically unreasonable was fairly presented to the state courts. (*See* Ex. J, ECF No. 1-10 at 28-29, 34, 35.) Moreover, the Court finds the argument that counsel should have corroborated Granados's testimony was fairly presented to the state courts and any new facts presented in relation to this allegation did not fundamentally alter or place the claim in a significantly different evidentiary posture than when the state courts considered it. (*See* Ex. J, ECF No. 1-10 at 31.) Additionally, the Court agrees with Granados that his argument regarding J.G's testimony was presented fairly to the state courts. (*See* Ex. J, ECF No. 1-10 at 36.)

Ground 6(D), however, is partially unexhausted to the extent that Granados argues that the Nevada appellate court should have considered the cumulative effect of counsel's

---

[5]Respondents refer to J.G's testimony in their Motion. However, Respondents' citation refers to pages that discuss testimony from Mr. Hernandez. (*See* ECF Nos. 7 at 8, 2 at 35-36.)

alleged instances of failure to investigate. (*See* ECF No. 2 at 36.) The Ninth Circuit has affirmed the decision of a district court that a cumulative-error claim must be exhausted before the district court may consider it. *See Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008); *Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000). "Briefing a number of isolated errors that turn out to be insufficient to warrant reversal does not automatically require the court to consider whether the cumulative effect of the alleged errors prejudiced the petitioner." *Wooten*, 540 U.S. at 1025. Granados did not present an allegation that his counsel rendered ineffective assistance due to the cumulative effect of his counsel's alleged instances of failure to investigate on post-conviction appeal. As such, Ground 6(D) is partially unexhausted in regard to the allegation that the Nevada Supreme Court should have considered the cumulative effect of Granados's counsel's alleged instances of failure to investigate.

### IV.     OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that (a) Grounds 2 and 3 are dismissed as non-cognizable in federal habeas and are unexhausted; and (b) the portion of Ground 6(D) alleging that the Nevada appellate court should have considered the cumulative effect of counsel's alleged instances of failure to investigate is unexhausted. Because Granados's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;
2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or
3. File a motion for other appropriate relief, such as a motion for a stay an

///

abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

## V. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 7) is granted in part as follows:

1. Ground 2 and Ground 3 are dismissed as not cognizable and are unexhausted.
2. The portion of Ground 6(D) alleging that the Nevada appellate court should have considered the cumulative effect of counsel's alleged instances of failure to investigate is unexhausted.

It is further ordered that, within 30 days of the date of this order, Petitioner Richard Granados must either:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claim;
2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claim; and/or
3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

It is further ordered that failure to timely comply with this order will result in the dismissal of Granados's mixed petition without further advanced notice.

DATED THIS 1st Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE