UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD GRANADOS,<br><br>                        Petitioner,<br>     v.<br><br>TIM GARRETT, *et al.*,<br><br>                       Respondents. | Case No. 3:20-cv-00427-ART-CSD<br><br>Order Inviting Submission of<br>Additional State-Court Record Items |

This matter is before the Court on consideration of the merits of Richard Granados's petition for writ of federal habeas corpus under 28 U.S.C. § 2254.

The parties have submitted state-court record items in support of their respective arguments concerning the claims raised by Granados's petition. The parties are now invited to file with the Court any additional items developed in the state-court record that are necessary for adequate review of the claims raised in the petition, including consideration of the reasonableness of any relevant state-court assessments of the claims in the petition. *See* 28 U.S.C.A. § 2254(f); The Rules Governing Section 2254 Cases, Rules 7(a) and (b); *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (stating review of a federal habeas corpus claim is "based solely on the state-court record.") (citing *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011)); *see also McDaniels v. Kirkland*, 813 F.3d 770, 773 (9th Cir. 2015) (en banc) (holding federal habeas courts "may consider the entire state-court record, including evidence that was presented only to the trial court.").

The goal of this Order is to ensure the Court has a complete state-court record necessary for adequate review of the claims in Granados's petition. The Court notes that portions of the state-court record filed by the parties do not include, for example (1) surveillance video admitted at trial; (2) photographs admitted at trial, including, but not limited to, those depicting the scene of the

1

incident, firearm cartridge cases, bullet holes, the vehicle crash scene; or (3) the codefendant's plea agreement. The Court is neither requesting additional state-court record items, nor suggesting the above items are necessary, may or will be considered, or are recommended, for appropriate review of the claims. The Court leaves it to the parties to determine whether additional items contained in the state-court record should be filed to advance their arguments concerning the claims in the petition. The parties are directed not to file immaterial items. The Court reserves the right to strike filings that fall outside the scope of this Order.

Upon submission, if any, of additional state-court record items by either party, the party against whom the additional items are offered will have 15 days after the filing of the items to admit or deny the correctness of the items. Rules Governing Section 2254 Cases, Rule 7(c).

Upon receipt and review of any additional state-court items submitted in response to this Order, if any, the Court will determine whether it will order supplemental briefing or argument. The Court will notify the parties if it deems further briefing or argument is appropriate.

**IT IS THEREFORE ORDERED** that within 60 days of the entry of this Order, the parties may file with the Court additional items, not already filed with the Court, that were developed in the state-court record and that are necessary for adequate review of the claims in the petition, including the reasonableness of any relevant state-court assessments of the claims in the petition.

**IT IS FURTHER ORDERED** that upon filing of the items by either party, the party against whom the additional items are offered will have 15 days after the filing of the items to admit or deny the correctness of the items.

DATED THIS 25th day of August 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE